## GEORGE BLACKBURN v. THE STATE.

PRACTICE—TRIAL.—Defendant was indicted for rape. When the case was called, the district attorney, with the consent of the court, abandoned the prosecution for rape, and announced that he would ask a conviction only for an assault with intent to commit rape. Defendant objected to going into trial at once, on the ground that he had relied on the one day given him by law after service of the special *venire* in which to complete his application for change of venue, said application being already prepared and sworn to by one witness, and two others having agreed to come into town when notified and qualify thereto. The court overruled his motion to postpone, and he was forced into trial: *Held*, That the right of the district attorney thus to suddenly change the whole proceedings in the trial of a capital case, and put the defendant, without notice, upon trial for the lower grade, against his consent, and without giving him the time reasonably necessary to perfect his motion for a change of venue, even with the sanction of the district judge, cannot be recognized.

APPEAL from Goliad. Tried below before the Hon. D. D. Claiborne.

*Lane & Payne*, for appellant.

*A. J. Peeler*, *Assistant Attorney General*, for the State.

The whole of counsel's argument seems to be based upon a misapprehension, viz: that the district attorney, with the

permission of the court, dismissed under article 3006 the
" criminal action" entirely.   This was not done directly,
nor was it indirectly accomplished by the election of the
district attorney not to prosecute for the higher offense.
The propriety of stating to the court that the prosecution
as to the " rape" would not be pressed, was to save the
necessity for a special *venire*, and is in accordance with
practice.   It is a practice to be encouraged on account of
its fairness to the accused; he knows then exactly what
he is called upon to meet.

In the motion for new trial it is not alleged that the
verdict was contrary to the law or evidence.   The points
noticed are the only questions in the case.

ROBERTS, CHIEF JUSTICE.—We understand from the bill
of exceptions and the recital in the judgment, that the dis-
trict attorney did not design to dismiss the indictment,
but to dictate authoritatively that he would not proceed
against and claim a verdict against defendant for the
higher grade in the offense, which was capital, and so it
seemed to be regarded by the court and the defendant's
counsel.   Upon such announcement by the district attor-
ney, with leave of the court granted, he claimed the right,
upon the case being reached in the regular call of the
docket, to put the defendant upon trial forthwith, against
the protest and without the consent of the defendant,
there having been no *venire* issued for jurymen to appear
for the trial of that capital case at that day or any other
day set.

The defendant claimed to have time to complete an
application for a change of venue, which had been written
out and sworn to by the defendant, supported by one wit-
ness, and expected to be supported by two others a few
miles in the country, who had promised to come and join
in the affidavit upon being sent for, for which defendant
would have had ample time if the *venire* had been served

on him one day, or if he had then been allowed half the day to send for them.

The court sustained the action of the district attorney and required the defendant forthwith to go to trial, and he was convicted for an assault with intent to commit rape, it being on an indictment for rape in the ordinary form in one single count.

We do not recognize the right of the district attorney by a motion thus made to suddenly change the whole proceedings in the trial of a capital case, without and against the consent of the defendant, and put the defendant, without notice, upon trial for the minor grade of the offense; nor can we under the law recognize the right of the District Court to sanction any such proceeding and require the defendant to go into the trial against his consent, without giving him the time reasonably necessary to perfect his motion for a change of venue, which he would have had but for the change in the mode of trying the capital cause.

Our code provides for the issuing of a *venire* on motion of the district attorney in every capital case requiring not more than sixty persons to appear at the court on a particular day named, there to attend to form a jury in said cause. (Paschal's Dig., art. 3016.)

And again: "No defendant in a capital case shall be brought to trial until he has had one day's service of a copy of the names of persons summoned under a special *venire facias*, except where he waives the right." (Paschal's Dig., art. 3022.)

The code also provides that "where a prosecution is for an offense consisting of different degrees the jury may find the defendant not guilty of the higher degree, (naming it,) but guilty of any degree inferior to that charged in the indictment." (Paschal's Dig., arts. 2156, 2191, 3095, 3096.)

These are the articles relating to the matter, and we find nothing in them to warrant such proceedings.

There is another provision which relates to the dismis-

sion of a prosecution, as follows: " The district attorneys may, by permission of the court, dismiss a criminal action at any time." (Paschal's Dig., art. 3006.)

We do not understand this to authorize the district attorney, even with the consent of the court, to simply indicate that he will not prosecute the defendant for the higher grade of the offense, and thereby change the whole mode of proceeding forthwith, without notice to or consent of the defendant, in such way as to deprive him of any right or advantage that he would otherwise have. He can dismiss the whole case, with the consent of the court, at his pleasure.

Having examined into the facts of the case we find the real issue on the merits of the case to be, whether the defendant intended to accomplish his desire by actual force and violence or by an urgent solicitation without carrying it to the extent of force, which was not specially pointed out in the charge. No question, however, is made by the defendant on this subject, and it need not be further noticed.

REVERSED AND REMANDED.